**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30258 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00373-SI-1 |
| v. | |
| LOGAN STORM, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30267 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00048-SI-1 |
| v. | |
| LOGAN STORM, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted July 7, 2015
Portland, Oregon

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: PREGERSON, N.R. SMITH, and OWENS, Circuit Judges.

Defendant Logan Storm appeals his conviction of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2), and failure to appear in violation of 18 U.S.C. § 3146(a)(1), (b)(1)(A)(ii). Storm appeals the district court's denial of his motion to suppress the child pornography and decision to allow the government to publish images of child pornography to the jury, as well as the conditions of supervised release for his failure to appear conviction.

**1.** There was sufficient probable cause to support the state search warrant allowing the seizure of any of Storm's digital media storage devices for offsite examination. *See United States v. Schesso*, 730 F.3d 1040, 1043 (9th Cir. 2013). Based on statements by Storm's two cohabitants that Storm had stored child pornography on various electronic devices, officials had probable cause to search all of Storm's electronic media for child pornography. *Id.* Offsite examination was appropriate because the files may have been disguised, erased, hidden, or encrypted, *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1168 (9th Cir. 2010) (en banc), so they could not "feasibly [have] be[en] sorted on site." *United States v. Tamura*, 694 F.2d 591, 595 (9th Cir. 1982).

**2.** The executing officer's good faith reliance on the warrant corrects any overbreadth with respect to the initial seizure. Although the affidavit was not incorporated into the warrant, since the affiant was the executing officer, his familiarity with the affidavit in conducting the seizure may be considered in examining his good faith. *See United States v. Luk*, 859 F.2d 667, 676-77 (9th Cir. 1988). We have held that "the failure to type the phrase 'see attached affidavit' on the face of the warrant" is not a valid basis to "preclude[] the use of the executing officers' reliance upon the affidavit as evidence of their reasonable reliance on the validity of the warrant or their good faith." *Id.* at 677.

**3.** As to the offsite search of the files, the state search warrant does not violate the Fourth Amendment because a substantial part of the warrant is sufficiently particular. *United States v. SDI Future Health, Inc.*, 568 F.3d 684, 707 (9th Cir. 2009). The state search warrant instructed officers to analyze: a white Macintosh laptop computer; any device capable of creating, storing, or viewing electronic data; any and all sexually explicit or suggestive material; and any and all documentation regarding the abuse of children. These provisions, viewed as a whole, particularly instruct the executing official to extract child pornography and related files. These proper categories form "'a principal portion' of the evidence

3

the Government sought[,] . . . 'not a relatively insignificant' part of the warrant." *Id.*

**4.** The state search warrant is proper despite the lack of a search protocol. *See Schesso*, 730 F.3d at 1047-50. As in *Schesso*, there is no risk of mingling several people's information or overseizing data to conduct broad investigations including unrelated crimes here. *Id.* at 1047-49.

**5.** Even assuming that the government should have returned Storm's media storage devices after the initial search, any improper retention of the items seized does not justify suppression here because the items were retained in good faith. *See Tamura*, 694 F.2d at 596-97. Storm fled the country soon after the items were seized in July 2010 and did not return until February 2011, when he was arrested immediately upon return and proceeded to trial on the state charges in September 2011. Moreover, Storm never requested the items be returned to him. It was reasonable for the officers to believe they were entitled to retain the items while Storm was a fugitive, during the period while Storm was out of the country, and before his trial, especially given that Storm never requested their return. *Id.* at 596.

**6.** The federal search warrants are supported by independent probable cause. A search violates the Fourth Amendment when it is deemed unreasonable after balancing the level of intrusion against the law enforcement need. *Delaware v.*

*Prouse*, 440 U.S. 648, 654 (1979). Storm's statements that he did not own one of the drives, as well as the results of the state's search, demonstrate the value of an additional search to obtain further evidence that Storm knowingly possessed child pornography. Furthermore, it is reasonable for federal law enforcement officials to take a second look at evidence lawfully within their possession, rather than rely on the state agents' report. The level of intrusion caused by re-examining evidence lawfully within the government's possession is minimal and does not outweigh law enforcement's need for the additional searches. *See id.* at 654.

**7.** The district court did not abuse its discretion in allowing the prosecution to publish the child pornography images to the jury because the images' probative value as to whether Storm knowingly possessed child pornography outweighed the risk of unfair prejudice. *See United States v. Ganoe*, 538 F.3d 1117, 1124 (9th Cir. 2008).

**8.** Finally, because we affirm Storm's child pornography conviction, we need not consider his challenge to identical conditions of probation imposed as part of his failure to appear conviction.

**AFFIRMED.**